FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 FEB -1 PM 12:25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. CINCINNATI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | CASE NO. 1:24-MJ-00086<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Facebook (Meta Platforms, Inc.), an ISP located in Menlo Park, CA, to disclose certain records and other information pertaining to the Facebook Account ID: 100091886571680 (the TARGET ACCOUNT), as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Facebook (Meta Platforms, Inc.) is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Facebook (Meta Platforms, Inc.) to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.

*See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. Applicant certifies that the United States Marshals Service is conducting an ongoing criminal investigation of Dante Terry, who is a wanted fugitive for violations of Title 18, United States Code, Section 3148 (Violation of a Release Condition) and who is under investigation for unlawful flight to avoid prosecution, Title 18, United States Code, Section 1073; and that specific and articulable facts suggest that the information likely to be obtained from the proposed ORDER is relevant and material to that ongoing criminal investigation.

5. On October 5, 2022, a grand jury in the Southern District of Ohio returned an indictment in Case Number 1:22-CR-084, which charged TERRY with illegal possession of a machinegun in violation of 18 U.S.C. § 922(o). On October 25, 2023, the Court granted TERRY bond subject to certain conditions, including the condition that TERRY participate in electronic monitoring while residing at his aunt's residence. On May 23, 2023, TERRY pled guilty to a violation of 18 U.S.C. § 922(o), and the Court continued TERRY's pretrial release pending sentencing. On July 24, 2023, United States Pretrial Services petitioned the Court for an arrest warrant alleging that TERRY had violated the conditions of his pretrial release. Pretrial services

alleged that on or about June 23, 2023, TERRY left his approved residence while on electronic monitoring and his aunt has not been able to contact him. His whereabouts are currently unknown and on July 24, 2023, this Court issued a warrant for TERRY's arrest for violating the terms of TERRY's pretrial release conditions.

6. The United States Marshal Service have reported that the TARGET ACCOUNT is associated with TERRY.

7. Applicant believes that the information gained from the proposed Order relating to the TARGET ACCOUNT will substantially assist the United States Marshals Service in determining the exact whereabouts of the target.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual who is wanted on an outstanding warrant. Accordingly, the United States requests that Verizon be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Facebook (Meta Platforms, Inc.) not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a period of one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems

appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal, fugitive, investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. The target in this case has been a fugitive from justice since July 24, 2023, and if the target were notified of this Order or investigation, he could have an opportunity and time to continue his flight. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation, including giving the target an opportunity to flee or continue flight from prosecution/punishment, and/or change patterns of behavior.

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY


*/s/Ashley Brucato*
ASHLEY BRUCATO (0090989)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Email: Ashley.Brucato@usdoj.gov